IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DALE MATTINGLY,**

       Plaintiff,

vs.                                                        Civ. No. 06-999 JH/ACT

**LESLIE JOHNSON and**
**J.R. CURTIS,**

       Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon Defendants' *Martinez* Report filed January 3, 2007, and Defendants' Motion for Summary Judgment on the *Martinez* Report. [Docket Nos. 13 and 14.] This case was referred to the undersigned United States Magistrate Judge on July 6, 2006 to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. §636(b)(1). [Docket No. 4.] Having considered the pleadings and the relevant law, the Court recommends that Plaintiff's Complaint be dismissed.

**PROPOSED FINDINGS**

1.    This is a *pro se*, *in forma pauperis* civil rights action brought under 42 U.S.C. §1983 by Plaintiff Dale Mattingly. On October 16, 2006, Plaintiff filed his Complaint alleging Defendants violated his constitutional rights by denying him medical care. Specifically, Plaintiff alleges that on

1

October 11, 2006, the Defendants denied medical care and treatment of Plaintiff's cancer and "other medical needs." *Complaint* at 2.

2. Under 42 U.S.C. §1997e(a) of the Prisoner Litigation Reform Act of 1995 ("PLRA"), a prison inmate is required to complete the prison administrative process before suing over prison conditions. *Booth v. Churner*, 532 U.S. 731 (2001). Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy and effective. Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Id.* at 740. The PLRA's exhaustion requirement applies to all suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 525 (2002).

3. In this matter, Plaintiff did not allege in his Complaint that he had exhausted his administrative remedies.[1] However, he did attach a "Grievance Form" dated October 11, 2006. In Defendants' Motion to Dismiss Defendants asserted that Plaintiff failed to exhaust his administrative remedies. [Docket No. 6.] However, Defendants did not provide any evidence on the issue of exhaustion.

4. On December 11, 2006, the Court ordered the Defendants to submit a *Martinez Report* to address the issue of exhaustion of remedies. [Docket No. 9.] On December 26, 2006, Plaintiff filed a Motion to Answer Order of Submission of *Martinez* Report ("Plaintiff's Motion"). [Docket No. 12.] The Court reviewed and considered Plaintiff's Motion and the documents attached in reaching it's decision. Plaintiff did not file a timely response to Defendant's *Martinez* Report or

---

[1] The Court notes that Plaintiff is not required to specifically pled or demonstrate exhaustion in his Complaint. Jones v. Bock, ---U.S.---, 2007 WL 135890 (2007).

Defendants' Motion for Summary Judgment on the *Martinez* Report.

5.      The undisputed evidence before this Court is that Defendants had a grievance procedure in place while Plaintiff was incarcerated and that Plaintiff filed one grievance. As to any other alleged grievances, Plaintiff did not file a grievance. Thus, the initial inquiry of the Court is whether Plaintiff exhausted his administrative remedies as to his one grievance filed October 11, 2006.

Exhaustion of Remedies.

6.      In the *Martinez* Report, Defendants submitted an affidavit from Leslie Johnson, ("Johnson") Warden or Administrator of the Curry County Detention Center. Defendants' *Martinez'* Report, Exh. 14. Regarding the relevant time period, Johnson states that Plaintiff was booked on May 19, 2006 on grounds of forgery and theft of identity. In her affidavit Johnson attached a copy of a document signed by Plaintiff that he had received a copy of the Curry County Inmate Handbook ("Handbook"). *Id*. at Exh. 12. Also attached is a copy of the Curry County Inmate Handbook. *Id*. at Exh. 13. The Handbook states that the first step in any grievance is to try and resolve the matter with a detention officer. *Id*. at p. 13. If that cannot be accomplished, inmates are permitted to submit a formal written grievance. The written form is used to identify the problem or complaint and to document what efforts were made by detention center staff to resolve the problem. *Id.* The grievance must be submitted within twenty-four (24) hours of an incident or situation. *Id*. at 14. The grievance is given to a detention officer and eventually to a supervisor; detention center officials must investigate and respond within three (3) days. *Id.* If the inmate believes the problem is still unresolved, the inmate may appeal the grievance by writing "APPEAL" across the top of the grievance form. *Id.* The appeal is then submitted to the Administrator. *Id.*

7. In this matter, the following is undisputed: On October 9, 2006 Plaintiff submitted a "Medical Request Form." *Id.* at Exh. 3. He requested "bloodwork" and "possible medical treatment promptly." He had been diagnosed with leukemia in 2004 and underwent aggressive chemotherapy. He had been feeling lethargic, nauseated and bruised easily. On that same day Defendant J.R. Curtis, RN ("Curtis") informed the Plaintiff in writing that Plaintiff should have his family make a doctor's appointment and that the transport officer would transport him to the appointment. *Id.*

8. On October 11, 2006, Plaintiff submitted a written grievance. *Id.* at Exh. 4. Curtis responded that his family needed to make the appointment. On October 19, 2006, Johnson overturned the decisions of Curtis. On October 27, 2006, Plaintiff was transported to Plains Regional Medical Center for the lab tests without charge to the Plaintiff. *Id*. at Exhibits 5, 14. The results of the lab work were negative. *Id*. at Exhs. 14 at p. 4 and Exh. 15.

9. Plaintiff did not appeal this grievance nor was Plaintiff required to appeal his grievance. *Florence v. Berrios*, 2006 WL 3804586 (10th Cir. Colo.) ("A prisoner is not required to appeal a favorable resolution of his grievance to exhaust administrative remedies.) (citation omitted.) As it is clear from the record that Plaintiff exhausted his administrative remedies the Court will address the merits of Plaintiff's grievance filed October 11, 2006.

Legal Standard for Summary Judgment.

10. Having submitted a *Martinez* Report and having asked the Court to grant summary judgment in their favor, Defendants carry the burden of establishing there is no genuine issue of material fact. They may discharge this burden by showing there is an absence of evidence to support Plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325. Once Defendants meet their burden,

the burden shifts to the Plaintiff to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus.*, *Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The party opposing the motion may not rest on his pleadings, mere argument or contention, but must set forth specific facts showing there is a genuine issue for trial as to those dispositive matters on which he carries the burden of proof. Summary judgment is appropriate if there is insufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict for that party. *Anderson v. liberty Lobby, Inc.*, 477 U.S. 242, 249 (1968); *Celotex Corp.*, 477 U.S. at 324. For the reasons given below, the Court finds that Defendants have met their burden and recommends that summary judgment be entered in favor of Defendants.

Legal Standard for Eight Amendment Claim.

11.     Plaintiff states in his Complaint that he had been previously diagnosed with cancer, was feeling poorly and needed medical care and treatment for his cancer and other medical needs.

12.     Under certain conditions, denial or delay of treatment by prison medical personnel can constitute cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend evolving standards of decency in violation of the Eight Amendment. *Estelle,* 429 U.S. at 106. The deliberate indifference standard has two components, one objective and one subjective. *Wilson v. Seiter*, 501 U.S. 294 (1991). In order to recover plaintiff must show: (1) that the medical need was sufficiently serious, and (2) that the offending officials acted with a culpable state of mind in that they knew or must have known about the serous medical need by intentionally refusing to provide medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

13.     A serious medical need is one involving a life-threatening situation, or an instance in which it is apparent that delay would exacerbate the prisoner's medical problem, or could result in lifelong handicap or permanent loss.  A delay in medical treatment does not violate a prisoner' constitutional rights unless he can show that the delay resulted or will result in substantial harm. *Olsen v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996).  And intentional refusal is more than a negligent diagnosis or an inadvertent failure to provide medical care; rather, Plaintiff must show a culpable state of mind to support his claim of denial of a constitutional right.  *Id.* at 367; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993).  The Court finds that Plaintiff has not raised a genuine issue of material fact as to a serious medical need, nor has he raised a genuine issue of material fact as to the requisite culpable state of mind on the part of the Defendants.

Factual Record.

14.     The record shows that in January of 2005 Plaintiff was diagnosed with Stage IV chronic lymphocytic leukemia and underwent chemotherapy.  *Plaintiff's Motion*.  In December of 2005, his treatment oncologist noted that chemotherapy was stopped five months ago and there was no evidence of the disease, from a hematological standpoint.  Plaintiff refused a bone marrow biopsy to further evaluate whether Plaintiff was in remission.  *Id*.  On October 9, 2006 Plaintiff requested "bloodwork" and "possible treatment"  because he was feeling "lethargic, nauseated and am bruising with little or not contact."  Exh. 3.  On October 19, 2006, Johnson requested  Dr. Leslie Donaldson, the prisons' contract physician, to review Plaintiff's request and medical chart.  Exh. 5.  Dr. Donaldson found that Plaintiff's medical chart "does not support claim of previous meds or need for urgent lab tests."  *Id*.  On October 27, 2006, Plaintiff was transported to a Plains Regional Medical

Center for lab tests without charge to the Plaintiff. Exhibits, 5, 14. The results of the lab work were negative. Exh. 14 at 4 and Exh. 15.

Plaintiff Failed to Raise Genuine Issues as to the Elements of His Claim.

15.     The Court finds there is no genuine issue of material fact as to the seriousness of Plaintiff's medical condition. Clearly, Plaintiff had a serious medical condition in 2005. However, he was treated and the tests that Plaintiff attached to Plaintiff's Motion shows that he was free of the disease in 2005. There are no records in October of 2006 that demonstrate his disease had returned. Rather, the lab work performed on October 27, 2006 were essentially normal.

16.     The Court finds, in addition, that Plaintiff failed to raise a genuine issue of fact as to any deliberate indifference on the part of Defendants. The record shows that Plaintiff received what he requested within eighteen (18) days of his request. The record shows that Defendants took Plaintiff's request seriously enough to have his chart reviewed by the prison physician. The record also shows that Plaintiff's request was taken seriously enough that he was taken to Plains Regional Medial Center for the lab work requested all of which was paid for by the Defendants.

Conclusion.

17.     Summary judgment should be entered in favor of Defendants, because there is no genuine issue of material fact requiring that the case proceed to trial. Thus, Plaintiff's claim as to his grievance filed October 11, 2006, must be dismissed with prejudice. *Jones,* 2007 WL at 135890 *14 (holding that total exhaustion is not required and thus court can rule on claims in which prisoner has exhausted his administrative remedies even when there are unexhausted claims.)

18.     As to any further claims Plaintiff may have alleged, the Plaintiff did not file any grievance and thus failed to exhaust his administrative remedies. As Plaintiff failed to exhaust his

administrative remedies on these claims, these claims should be dismissed without prejudice. *Smith v. Cowman*, 2006 WL 3616720 (10th Cir. 2006).

## **RECOMMENDED DISPOSITION**

I recommend that Plaintiff's Complaint filed October 16, 2006 be dismissed with prejudice as to his claim asserted in his grievance filed October 11, 2006 and without prejudice as to any further claims Plaintiff may have asserted in his Complaint.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**